NCNB MORTGAGE CORPORATION AND NCNB CORPORATION v. J. HOWARD COBLE, SECRETARY OF REVENUE, STATE OF NORTH CAROLINA AND HIS SUCCESSORS

No. 7626SC357

(Filed 20 October 1976)

Taxation § 29— interest exceeding 6% paid to affiliated corporation — effect of former statutory provision

Provision formerly in G.S. 105-130.6 that, in determining the net income of a corporation, interest payments to a parent, subsidiary or affiliated corporation in excess of 6% "shall be considered excessive" created an absolute prohibition of a deduction for interest in excess of 6% paid to a designated corporation and not just a rebuttable presumption that interest in excess of 6% was excessive.

APPEAL by plaintiffs from *Snepp, Judge.* Judgment entered 12 February 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 14 September 1976.

This is an action to recover an income tax assessment paid under protest.

There is no dispute over the facts.

Plaintiff NCNB Corporation was formed in North Carolina as a one bank holding company in 1968. This corporation owns all of the outstanding stock in its subsidiary, plaintiff NCNB Mortgage Corporation, a North Carolina corporation. NCNB Corporation relied on borrowed funds to finance the operation of its subsidiary Mortgage Corporation. NCNB Corporation was in a position to borrow money at a lower interest rate than Mortgage Corporation and made loans to Mortgage Corporation out of its short-term commercial paper borrowings. The prime

rate of interest on short-term commercial borrowings exceeded six percent during the period in question. NCNB Corporation borrowed at an interest rate in excess of six percent and loaned money to Mortgage Corporation at its cost plus a small charge. Mortgage Corporation deducted this interest on its tax returns for the years in question.

Mortgage Corporation was notified of a tax assessment. The assessment was based on G.S. 105-130.6 which was interpreted by the Secretary of Revenue so as to disallow as a deduction all interest the Mortgage Corporation paid to its parent corporation, NCNB Corporation, in excess of six percent. The Mortgage Corporation paid the tax assessment under protest. In apt time, the Mortgage Corporation filed a claim for refund and the claim was denied.

In this suit for the refund plaintiffs also ask, in the alternative if the refund is denied, that they be allowed to file consolidated income tax returns.

The judge made conclusions of law on the stipulated facts. He concluded that the statute (as written during the applicable period) prohibited any deduction for interest paid by the subsidiary corporation to the parent in excess of six percent. He further concluded that defendant could not be compelled to allow the filing of a consolidated return by plaintiffs.

Plaintiffs appealed from judgment dismissing the action.

*Attorney General Edmisten, by Associate Attorney William H. Boone, for the State.*

*Helms, Mulliss & Johnston, by John W. Johnston and Robert B. Cordle, for plaintiff appellants.*

VAUGHN, Judge.

At the time pertinent to this action the relevant part of the statute in question was as follows:

G.S. 105-130.6 "SUBSIDIARY AND AFFILIATED CORPORATIONS. The net income of a corporation doing business in this State which is a parent, subsidiary or affiliate of another corporation shall be determined by eliminating all payments to or charges by a parent, subsidiary or affiliated corporation in excess of fair compensation in all inter-company transactions of any kind whatsoever. [Interest payments

between such corporations computed at a rate in excess of six percent (6%) per annum shall be considered excessive.] If the Commissioner of Revenue shall find as a fact that a report by such corporation does not disclose the true earnings of such corporation on its business carried on in this State, the Commissioner may require that such corporation file a consolidated return of the entire operations of the parent corporation or its subsidiaries and affiliates, including its own operations and income, and shall determine the true amount of net income earned by such corporation in this State as provided herein." (The sentence in brackets was deleted by a 1971 amendment, effective with respect to taxable years beginning on and after 1 January 1971, but does apply to the present action.)

Plaintiffs contend that the statute creates only a rebuttable presumption that interest in excess of six percent is excessive and that they should be allowed to overcome the presumption of facts showing that a higher rate can be fair compensation.

The Secretary of Revenue and the trial judge interpreted the language "shall be considered excessive" as an absolute prohibition of the deduction of interest in excess of six percent.

As plaintiffs suggest, it is the inclusion of the word "considered" that gives rise to the problem. Plaintiffs argue that if the General Assembly had intended to create more than a presumption the word "considered" could have been omitted. We must say, however, that if the General Assembly had intended to legislate less than a mandate it would have used the word "may" instead of "shall."

In an effort to ascertain the meaning of the Legislature, we have considered other statutory charges on the same subject as well as the "Report of the Tax Study Commission of the State of North Carolina (1966)" which recommended the amendment of the section to include substantially the language that was used in the amendment. We have also given due consideration to the interpretation given the statute by the Secretary of Revenue. Careful consideration of those factors and a contextual reading of the entire section leads us to the conclusion that the Legislature intended to prohibit the deduction of any interest in excess of six percent if paid to, as here, a parent corporation.

The judge was also correct when he concluded that the Commission could not be compelled to allow the plaintiffs to file consolidated returns.

The judgment is affirmed.

Chief Judge BROCK and Judge MARTIN concur.